**STATE OF WEST VIRGINIA**

**Clark D.,**
**Respondent Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-1125** (Roane County 02-D-20)

**Charlene D.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clark D.,[1] *pro se*, appeals the order of the Circuit Court of Roane County, entered September 18, 2012, that reversed an order of the Family Court of Roane County, entered February 22, 2012. The circuit court reinstated Petitioner's child support obligation until his adult child A.L.D. graduated high school or reached the age of twenty, whichever came first. Respondent Charlene D., *pro se*, filed a summary response.[2] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties' child A.L.D. attained eighteen years of age on December 1, 2011. A.L.D. was still attending Roane County High School at the time. West Virginia Code § 48-11-103(a) provides as follows:

> An order for child support shall provide that payments of such
> support continue beyond the date when the child reaches the age of
> eighteen, so long as the child is unmarried and residing with a

---

[1] "We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dept. of Human Services v. Cheryl M.,* 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] Although the Bureau of Child Support Enforcement appeared in the proceedings in the family court and supported Respondent's appeal to the circuit court, it has made no appearance in this Court.

parent, guardian or custodian and is enrolled as a full-time student in a secondary educational or vocational program and making substantial progress towards a diploma: *Provided,* That such payments may not extend past the date that the child reaches the age of twenty.

The case at bar involves the issue of whether A.L.D. was a "full-time student" during the 2011-2012 school year.[3]

Petitioner's child support obligation with respect to A.L.D. was $397.68 per month. Petitioner objected to making support payments beyond A.L.D.'s eighteenth birthday. Based upon an October 31, 2011 letter from the Registrar of Roane County High School that stated that A.L.D. was a fifth year senior "by choice" and was attending classes for a half a day on a daily basis, the family court terminated Petitioner's child support obligation. The family court ruled that the last payment Petitioner would owe was the payment for December of 2011.

Respondent appealed the family court's termination of child support to the circuit court. The Bureau of Child Support Enforcement ("BCSE") filed a response in support of Respondent's appeal.

In its response, the BCSE offered the following explanation:

6. [A.L.D.] was double promoted in the seventh grade and entered ninth grade a year early.

7. Graduation in June, 2012 would have his graduation date had he maintained his status with his age appropriate class.

8. [A.L.D.] did not graduate in 2011, his earliest possible graduation date, because he enrolled in the two[-]year Prostart program at Vo.Tech. At some point[,] he opted not to complete that program and continue his academic requirements for graduation.

9. [A.L.D.] is enrolled for the 2011-12 school year in all the classes he needs to receive his diploma.

10. He attends school the first four periods of the day and is finished by noon. He works at a job on a part-time basis in the afternoon hours.

The BCSE explained further as follows:
Many upper classmen high school students do not attend school for

---

[3] The family court heard this issue at a hearing on February 13, 2012, at which both parties appeared, *pro se*, and the Bureau of Child Support Enforcement appeared by counsel.

the entire academic day. Some leave campus and take college courses, some [participate in] programs or therapies specific to their needs, and others are allowed to work at a job. . . . It does not disturb [A.L.D.]'s status as a student, he is enrolled and fulfilling all the requirements for graduation.

The BSCE's explanation is supported by a July 21, 2011 letter from the Principal of Roane County High School that states that "[A.L.D] did *not* complete graduation requirements during the 2010-2011 school year, and will be attending Roane County High School for the 2011-2012 school year." (emphasis added)

In an order entered September 18, 2012,[4] the circuit court reversed the family court's order and reinstated Petitioner's child support obligation until A.L.D. graduated high school or reached the age of twenty, whichever came first. The circuit court ruled in pertinent part as follows:

[T]he facts do not indicate that the adult child [A.L.D.] intentionally withdrew from the vocational program in order to continue child support beyond his eighteenth birthday. Lastly, . . . the adult child [A.L.D.] had not completed the minimum core course requirements and was making substantial progress toward a diploma as of the Family Court's Final Order. This Court concludes that the adult child [A.L.D.] was enrolled in high school full-time and making substantial progress towards a diploma for the purposes of the statute, and the Family Court erred in terminating child support.

We review the circuit court's order reversing the family court's order terminating Petitioner's child support obligation under the following standard:

In reviewing a final order entered by a circuit court judge upon a

---

[4] The circuit court acknowledged that its order was not entered within the sixty-day timeframe set forth in West Virginia Code § 51-2A-14(f). The circuit court found that just cause existed for deciding Respondent's appeal outside of the timeframe because "[t]his Court was occupied by other matters, and was delayed in issuing an order in regard to the Petition for Appeal within the sixty-day period." Pursuant to West Virginia Code § 51-2A-14(f), the finding of just cause should have been made in an order entered within the sixty-day period explaining why there would be a delay. However, while Petitioner complains of the late entry of the circuit court's order reinstating his child support obligation, any error was harmless. *See* Rule 61, W.V.R.C.P. ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."); *Jeffrey S. v. Jennifer S.*, Nos. 11-1453 and 12-0200, 2013 WL 310054, at *5 (noting that after a transfer pursuant to West Virginia Code § 51-2A-14(f), this Court remanded the father's appeal to the circuit court for a ruling within ten days) (W.Va. Supreme Court January 25, 2013) (memorandum decision).

review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, Petitioner argues that A.L.D. was not "a full-time student" as required by West Virginia Code § 48-11-103(a). Petitioner asserts that the family court ruled on the evidence and applied the law to the facts in a decision that was not clearly erroneous. Respondent argues that the circuit court's order reversing the family court's order terminating Petitioner's child support obligation was within the law. Respondent asserts that A.L.D. came back for a fifth year of high school because he needed four credits to graduate.

In the February 22, 2012 order, that Petitioner contends was not clearly erroneous, the family court cited to the October 31, 2011 letter from the registrar of the high school two times. While the registrar's letter tends to support Petitioner's view that A.L.D. was not a full-time student during the 2011-2012 school year, the family court did not discuss the July 21, 2011 letter from the high school's principal that supported the view that A.L.D. was a full-time student. Both letters were in the record at the time the family court entered its order; therefore, the family court's failure to discuss the letter from the principal constitutes an abuse of discretion. *See Banker v. Banker*, 196 W.Va. 535, 548, 474 S.E.2d 465, 478 (1996) ("An abuse of discretion occurs in three principal ways: (1) when a relevant factor that should have been given significant weight is not considered . . . ."). The letter from the high school's registrar is not inconsistent with the letter from the principal in that the registrar's letter also indicated that "[A.L.D.] is enrolled in classes that *are* a requirement for graduation" in June of 2012. (emphasis added). The circuit court correctly determined that "[A.L.D.] had not completed the minimum core course requirements" and that A.L.D. was still taking classes required for graduation in the 2011-2012 school year. After careful consideration, this Court concludes that the circuit court did not err in reversing the family court's order and in reinstating Petitioner's child support obligation.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Roane County. We affirm the circuit court's September 18, 2012 order reinstating Petitioner's child support obligation until his adult child A.L.D. graduated high school or reached the age of twenty, whichever came first.[5]

Affirmed.

---

[5] Petitioner states A.L.D. graduated on June 1, 2012, and that he has now paid child support for December of 2011 through June of 2012. Petitioner complains of how the BCSE collected the support payments. But, as those collection efforts occurred after the circuit court's September 18, 2012, order, they are not a proper issue for consideration in this appeal.

4

**ISSUED:**   May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II